IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRILL IRON & STEEL, INC., ) | |
|     Plaintiff, ) | |
| ) | Civil Action No.: 14-221 |
| vs. ) | Magistrate Judge Robert C. Mitchell |
| ) | |
| BLAINE CONSTRUCTION ) | |
| CORPORATION, ZURICH AMERICAN ) | |
| INSURANCE COMPANY and its ) | |
| Subsidiary FIDELITY & DEPOSIT ) | |
| COMPANY OF MARYLAND, ) | |
| TRAVELERS CASUALTY AND SURETY ) | |
| COMPANY OF AMERICA, ) | |
| ALLEGHENY LUDLUM CORPORATION,) | |
| on its own behalf and as merged into ALC ) | |
| MERGER, LLC, n/k/a ALLEGHENY ) | |
| LUDLUM, LLC a/k/a ATI ALLEGHENY ) | |
| LUDLUM, HOH ENGINEERS, INC., and ) | |
| CENTURY STEEL ERECTORS ) | |
| COMPANY, ) | |
|     Defendants. ) | |
| ) | |
| --and-- ) | |
| ) | |
| BLAINE CONSTRUCTION ) | |
| CORPORATION, ) | |
|     Counterclaimant and Cross Claimant,) | |
| ) | |
| vs. ) | |
| ) | |
| MERRILL IRON & STEEL, INC., ) | |
| ALLEGHENY LUDLUM STEEL ) | |
| CORPORATION, on its own behalf and as ) | |
| merged into ALC MERGER, LLC, n/k/a ) | |
| ALLEGHENY LUDLUM, LLC a/k/a ) | |
| ATI ALLEGHENY LUDLUM, HOH ) | |
| ENGINEERS, INC., and CENTURY ) | |
| STEEL ERECTORS COMPANY, ) | |
| ) | |
|     Defendants by Counterclaim and ) | |
|     Crossclaim, ) | |
| ) | |
| --and-- ) | |
| ) | |

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY, | ) ) ) ) |
| Additional Defendants by Counterclaim and Crossclaim. | ) ) ) |

## MEMORANDUM OPINION

ROBERT C. MITCHELL, United States Magistrate Judge

### I. INTRODUCTION

Presently before the Court are three separate motions to dismiss for failure to state a claim and for lack of jurisdiction filed by Defendant Century Steel Erectors Company, Defendant HOH Engineers, Inc., and Defendant Allegheny Ludlum Steel Corporation. *See* Defs.' Mot. to Dismiss [ECF Nos. 33, 38, and 40]. For the following reasons, Defendants Century Steel Erectors Company and Allegheny Ludlum Steel Corporation's motions are granted and Defendant HOH Engineers, Inc.'s motion is granted in part and denied in part.[1]

### II. BACKGROUND

The present dispute involves payments allegedly owed to Plaintiff, Merrill Iron & Steel, Inc. ("Merrill") for products and services, namely structural steel and other miscellaneous metals, it provided to Defendant Blaine Construction Corporation in connection with the construction of Defendant, Allegheny Ludlum Steel Corporation's ("ATI") Hot Rolling Processing Facility in Brackenridge, Pennsylvania. *See* Compl. [ECF No. 1] at ¶¶ 1-3.

Defendant Allegheny Ludlum Steel Corporation ("ATI") is a Pennsylvania corporation involved in the business of marketing and producing specialty metal materials worldwide. *Id.* at ¶ 11. Plaintiff Merrill is a Wisconsin corporation whose primary business activity is to fabricate

---

[1] All of the parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636, therefore this Court has the ability to decide dispositive motions and to eventually enter final judgment in this matter.

and supply structural steel and miscellaneous metal products. *Id*. at ¶ 5. Defendant Blaine Construction Corporation ("Blaine") is a Tennessee corporation and provides general contracting, construction management and pre-engineered metal building services to commercial and industrial clients. *Id*. at ¶ 6. Defendant HOH Engineers, Inc., ("HOH") is an Illinois corporation and engineering-design firm serving the metal production industry. *Id*. at ¶ 12. Defendant Century Steel Erectors Company ("Century Steel") is a Pennsylvania limited partnership and provides steel erection services. *Id*. at ¶ 13.

On or about June 6, 2011, ATI contracted with Blaine to design and construct buildings for a Hot Strip Mill and a water treatment facility (the "Project") for ATI. *Id*. at ¶ 2. Blaine was the general contractor and/or design builder for the Project and subcontracted with the defendants to fulfill its obligations under its contract with ATI. *Id*. at ¶ 6. Blaine subcontracted with HOH to serve as the engineer for the Project and provide the design for the structural steel. *Id*. at ¶ 12. Additionally, Blaine subcontracted with Century Steel to erect the structural steel for the Project. *Id*. at ¶ 13.

On or about November 11, 2011, Plaintiff Merrill and Blaine entered into a Purchase Order for Merrill to furnish fabricated structural steel and miscellaneous metals necessary for the Project. *Id*. at ¶ 3. The Purchase Order incorporated by reference the contract between ATI and Blaine. *Id*. at ¶ 22. Merrill contends that it has delivered all of the structural steel and miscellaneous metals required under the Purchase Order, but has not received payment from Blaine for its delivered products. *Id*. at ¶¶ 23, 28. Additionally, because the Purchase Order was a unit price contract, the actual price varied depending upon the quantity of steel delivered by Merrill, and the actual amount of steel delivered exceeded the original estimate. *Id*. at ¶¶ 25-27.

After the Purchase Order was executed, the construction plans were revised requiring Blaine to order more fabricated structural steel from Merrill at a cost of approximately $1,302,164.71 and provided additional structural steel and miscellaneous metals at an increased cost of approximately $367,790.51. *Id*. at ¶¶ 29-34, 37. Merrill claims that the total owed to it by Blaine, including increased bond premiums, is $6,403,889.26 and that Blaine has not "made any progress payments to Merrill since June 27, 2013." *Id*. at ¶ 44.

Merrill claims that in 2012, Blaine raised concerns relating to paint discoloration on the coated steel, gaps at some of the column seats and bending of some connection plates along several of the back-up tresses (collectively "alleged deficiencies") but continued to make payments in 2012 and 2013 as Blaine received and accepted delivery of the structural steel. *Id*. at ¶¶ 46-47. After Blaine received the structural steel in June 2013, it refused to make any further payments to Merrill and remitted its last payment to Merrill on June 27, 2013. *Id*. at ¶¶ 48-49.

As for the alleged paint discoloration of the structural steel, Blaine claimed that this was a sufficient basis for withholding the amounts due to Merrill. *Id*. at ¶ 52. Specifically, the project specification provided for a coating of Sherwin Williams 646 Fast Cure Epoxy, but Blaine, at the request of Merrill, approved and requested that ATI approve PPG Amercoat 240 epoxy as an alternative to the specified Sherwin Williams product, and ATI approved of said coating on November 9, 2011. *Id*. at ¶¶ 54-58. Plaintiff alleges that the paint discoloration will not affect the performance of the structural steel and Blaine has not provided Merrill with the cost of repair for the paint discoloration. *Id*. at ¶¶ 59-60. As for the gaps in the column seats on the structural steel and bending connection plates, Merrill alleges that it will not affect the performance of the steel, that Blaine has not identified what caused the gaps and bending, nor a cost of repair for

4

such alleged deficiencies and Merrill contends that the gaps and bending are a result of HOH's design error, Blaine's mismanagement and/or Century Steel's faulty erection. *Id*. at ¶¶ 64-77.

Merrill filed suit in this Court on February 14, 2014.[2] Specific to the present motions, Merrill brings a declaratory judgment action against all defendants, a negligent misrepresentation claim against HOH Engineers, a right to indemnification against HOH Engineers and Century Steel, and an unjust enrichment claim against ATI.

Century Steel filed a motion to dismiss the claims against it on April 4, 2014 [ECF No. 33], HOH filed a motion to dismiss the claims against it on April 17, 2014 [ECF No. 38] and ATI filed a motion to dismiss the claims against it on April 18, 2014. [ECF No. 40]. Merrill has responded to the various motions, and defendants have filed replies.[3]

Century Steel, HOH and ATI all move to dismiss the declaratory judgment against them and argue that any such judgment is not ripe for adjudication because no sufficiently concrete case or controversy exists between Merrill and the moving Defendants and should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Additionally, Century Steel and HOH Engineers seek to dismiss the indemnification claim against them as not ripe because Merrill has not suffered any reimbursable loss and lacks privity of contract with these defendants. Additionally, HOH Engineers moves to have the negligent

---

[2]    In addition to the Defendants named in this opinion, Plaintiff also brings a declaratory judgment, breach of contract claim, and Pennsylvania Contractor and Subcontractor Payment Act ("CASPA") violations against Blaine, and a claim for joint and several liability of Blaine's Surety. Rather than filing a motion to dismiss, Blaine, and its Sureties, Zurich American Insurance Company and Travelers Casualty and Surety Company of America filed Answers to the Complaint. *See* Def. Blaine's Ans. [ECF No. 43]; Defs.' Zurich and Travelers Ans. [ECF No. 42].

[3]    Additionally, Blaine filed responses to its co-defendants motions and opposes their motions to dismiss. Blaine's argument echo those submitted by Merrill, therefore their briefing will not be included in this discussion, as it is duplicative.

misrepresentation claim dismissed as Merrill does not specify any factual averments made by HOH Engineers or allege any damages that were proximately caused from any alleged misrepresentation. Lastly, ATI moves to have the unjust enrichment claim dismissed against it as Merrill has not established that ATI was enriched nor has it been established that the enrichment was unjust.

The Court will address each argument separately.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to 12(b)(1) "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). If the defendant attacks the legal sufficiency of the claim, as here, it is considered a facial attack, and the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Id*. Alternatively, an attack based on the sufficiency of a jurisdictional fact is considered a factual challenge, and "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Grp. Intern. v. Oriental Rug Importers*, 227 F.3d 62, 69 (3d Cir. 2000).

    a. <u>Federal Rule of Civil Procedure 12(b)(6)</u>

To determine whether dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint and in making this determination, a court must read the complaint in the light most favorable to the plaintiff and all factual allegations must be considered true. *Estelle v. Gamble*, 429 U.S. 97, 99 (1976). The court must also draw all reasonable inferences from all "well-pleaded" allegations contained in the complaint. *Retail*

*Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963). In determining whether a plaintiff has met this standard, the reviewing court must ignore legal conclusions, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements[,]" . . . "labels and conclusions[,]" and "naked assertions [that are] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citations omitted). Thus, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

A court may take into consideration matters of public record, exhibits attached to the plaintiff's complaint and undisputedly authentic documents attached to a motion to dismiss without converting a motion to dismiss into one for summary judgment. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n. 2 (3d Cir. 2006); *Sentinel Trust Co. v. Universal Bonding Ins.*, 316 F.3d 213, 216 (3d Cir. 2003). Therefore, the court may properly consider the documents Merrill attached to its complaint in addition to the undisputedly authentic documents attached by defendants to their motions to dismiss without converting defendants' motions into ones for summary judgment.

## IV. DISCUSSION

1. <u>Declaratory Judgment against Century Steel, HOH and ATI</u>

Merrill seeks declaratory relief for this Court to declare that all of the structural steel it supplied for the Project was fabricated and coated in accordance with the plans, specifications and approved alternatives and therefore any of the alleged deficiencies complained of by Blaine were the result of HOH's defective design, Century Steel's defective erection, ATI's mismanagement or another cause beyond Merrill's control due to the defendants' collective or individual fault, whichever the case may be. Compl. [ECF No. 1] at ¶ 101. While Merrill claims

7

that under Pennsylvania law, a contractor who performs according to the detailed plans and specifications is not responsible for any alleged deficiencies in the structure, it cites to no authority for the proposition, nor does it expound upon this legal theory in its briefing or in the context of a declaratory judgment action. *Id*. at ¶ 104. Additionally, Merrill seeks a declaration that any of the alleged deficiencies will not affect the performance of the structural steel and for this Court to declare that it is owed the amounts due under the Merrill-Blaine contract. *Id*. at ¶ 105.

Defendants all respond that Merrill's declaratory judgment claim is not yet ripe, as no case or controversy exists. Defendants' argument ignores the fact that Merrill's theory for a declaratory judgment against them is not legally recognized and has been rejected by other courts as it runs counter to the purposes of the federal Declaratory Judgment Act. Because Merrill's claim is dismissed with prejudice on the basis that its claim is not legally cognizable, the ripeness issue will not be discussed.

Under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Generally, the federal Declaratory Judgment Act offers "a pragmatic approach to the determination of legal relations and controversy between interested parties. It enables parties uncertain of their legal rights to seek a declaration of rights prior to injury." *Federal Procedure*, 10 Fed. Proc., L. Ed. § 23:2; *see also Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir. 1974) (outlining purposes of the federal Declaratory Judgment Act). The Act does not create substantive rights for parties, but merely provides another procedure by which parties can obtain

judicial relief. *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978). In this same vein, the Act does not allow a person to use a declaratory judgment action as a vehicle to create a cause of action for which it has no legal liability. *Federal Procedure*, 10 Fed. Proc. L. Ed. § 23:2.

Here, Merrill attempts to "try issues or determine the validity of defenses in pending cases," which is prohibited under the Act. *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969). Importantly, other courts have found that "it is not one of the purposes of the declaratory judgment act to enable a prospective negligence action defendant to obtain a declaration of non-liability." *Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F.Supp. 280, 282 (E.D.Pa. Nov. 12, 1952) *aff'd* 203 F.2d 957 (3d Cir. 1953). Additionally, "[i]t is inappropriate to use the declaratory judgment statute in what would otherwise be a run-of-the-mill negligence action." *Stradley, Ronon, Stevens & Young, LLP v. Sovereign Bank, N.A.*, 2013 WL 173022, at *7 (E.D.Pa. Jan. 15, 2013) (refusing to apply a declaratory judgment action in a malpractice case) (citations omitted).

Here, Merrill preemptively filed a declaratory action against HOH, Century Steel and ATI to lay the blame for a potentially prospective action by Blaine against Merrill for the deficient structural steel supplied and fabricated by Merrill. Merrill would have this court declare that essentially HOH, Century Steel and/or ATI were negligent in its duties to design the project, erect the steel or manage the project, and that this was the proximate cause or injury to Blaine by no fault of its own. This legal theory sounds in negligence and is not tenable for declaratory relief. Merrill attempts to have this court adjudicate it not liable for the deficiencies in the steel to shield itself from potential future liability. Simply stated, Merrill seeks a declaration of non-liability and nothing more. Because it is well settled that Merrill's legal

theory is improper, its declaratory judgment action against HOH, Century Steel and ATI is dismissed with prejudice.

2. Indemnification against HOH and Century Steel

Merrill brings a claim for common law indemnification against HOH and Century Steel in connection with the gaps at the column seats and the bending connection plates to the steel fabricated and supplied by Merrill and claims they are not due to Merrill's faulty fabrication, but rather a result of either HOH's design error and/or Century Steel's defective erection of the structural steel. Compl. [ECF No. 1] at ¶ 151. Merrill therefore claims it is entitled to indemnity over these parties for any liability it may be found to bear because they are the "sole, active, primary, or substantial contributing factor causing the nonpayment to Merrill." Compl. [ECF No. 1] at ¶ 151.

Both HOH and Century Steel argues that any claim for indemnification is premature and not ripe, because Merrill has not been required to pay any losses from the allegedly defective materials. Def. Century Steel's Br. in Supp. of Mot. to Dismiss [ECF No. 34] at 4; Def. HOH's Br. in Supp. of Mot. to Dismiss [ECF No. 39] at 7-8.

Merrill argues that it has already suffered a loss and this alone allows it to bring a cause of action for common law indemnification against HOH and Century Steel. Further, Merrill argues that "[t]he right to indemnity may arise absent a court ordering a plaintiff to pay a third party[,]" but cites to no authority standing for this proposition. In fact, the applicable case law states the opposite.

The Pennsylvania Supreme Court has determined: "Indemnity is a common law remedy which shifts the entire loss from one who has been compelled, by reason of some legal obligation, **to pay a judgment** occasioned by the initial negligence of another who should bear

10

it." *Willet v. Pennsylvania Med. Catastrophe Loss Fund*, 702 A.2d 850, 854 (Pa. 1997) (citations and quotation marks omitted) (emphasis added). A claim for common law indemnity requires that a judgment be entered prior to the claim being brought. *See also TDY Indus. v. Nat'l Freight Transp., Inc.*, 2009 WL 691947, at *12 n. 9 (W.D.Pa. March 12, 2009) ("Under Pennsylvania law, that right to bring a common law claim for indemnification arises only after the party seeking indemnification makes a payment of a judgment to a third party.").

Here, no judgment has been entered against Merrill for any claim regarding the structural steel that it fabricated and supplied. Therefore, Merrill's claims are premature. Accordingly, Merrill's common law claim for indemnification against HOH and Century Steel is dismissed without prejudice to re-assert should a judgment be entered against Merrill for the defective steel it fabricated.

### 3. Negligent Misrepresentation against HOH

Merrill brings a claim of negligent misrepresentation against HOH, and alleges that HOH's defective design of the Project constituted false information, HOH had a duty to exercise reasonable care and competence in designing and communicating that design, and failed to do so, that Merrill relied upon HOH's design to fabricate the structural steel, that HOH knew Merrill would rely upon its design for the Project and that as a result, Merrill has been damaged. Compl. [ECF No. 1] at ¶¶ 142-148.

Pennsylvania has expressly adopted the Restatement (Second) of Torts section 552, which states in pertinent part:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or

communicating the information.

*Bilt-Rite Contrs., Inc. v. Architectural Studio*, 866 A.2d 270, 273, n. 1 (Pa. 2005) (quoting Restatement (Second) of Torts § 552 (1965)). Therefore, under Pennsylvania law, a claim for negligent misrepresentation requires proof of the following: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999). Negligent and intentional misrepresentation differ "in that the misrepresentation must concern a material fact and the speaker need not know his or her words are untrue, but must have failed to make a reasonable investigation of the truth of these words. Moreover, like any action in negligence, there must be an existence of a duty owed by one party to another." *Milliken v. Jacono*, 60 A.3d 133, 141 (Pa.Super. 2012) (citations omitted).

Here, HOH argues that this claim should be dismissed against it because: (1) Merrill has not identified any material fact that HOH misrepresented – and it only cursorily alleges that HOH's design was defective, and (2) Merrill has not properly alleged that any damages were proximately caused from HOH's alleged misrepresentation. Def. HOH's Br. in Supp. of Mot. to Dismiss [ECF No. 39] at 5. Therefore, the Court's discussion of this claim will be confined to these two discrete issues.

A factual misrepresentation "is 'material,' so as to provide a basis for a negligent misrepresentation claim, when it is of such character, that had it not been made, the transaction in question would not have been consummated." *In re Brownsville Property Corp., Inc.*, 2013 WL 4010308, at *12 (Bkrtcy. W.D.Pa. Aug. 1, 2013) (citing *Sevin v. Kelshaw*, 611 A.2d 1232, 1237 (Pa.Super. 1992)). In *Bilt-Rite*, the Pennsylvania Supreme Court recognized a cause of

action for negligent misrepresentation by finding an architect's defective designs constituted a misrepresentation of material fact. The high court held that "where information is negligently supplied by one in the business of supplying information, such as an architect or design professional, and where it is foreseeable that the information will be used and relied upon by third persons, even if the third parties have no direct contractual relationship with the supplier of information[,]" the plaintiff had stated a claim for negligent misrepresentation. *Bilt-Rite*, 866 A.2d at 287.

Merrill argues that it has sufficiently alleged that HOH has misrepresented a material fact to it by supplying a defective design for the Project and this was relied upon by Merrill.

The Court agrees that Merrill has sufficiently pled the material misrepresentation of fact element to state a claim for negligent misrepresentation. Taking all of the allegations in the complaint as true, as the Court must as this point, it can be reasonably inferred that HOH's defective design of the Project led to Merrill's possibly defective fabrication of the metal for the Project.

Additionally, Merrill has adequately alleged that its injury was proximately caused by HOH's material misrepresentation.

While there is a dearth of Pennsylvania case law explaining damages recoverable under a cause of action for negligent misrepresentation, one court has opined:

> In *Bobbin v. Sammarco*, 1995 WL 303632, at *3 (E.D.Pa. [May 18,] 1995) the court stated that the measure is "actual loss." Other courts have relied on [the] Restatement [(Second) of] Torts, [section] 552B, entitled Damages for Negligent Misrepresentation, which provides:
>
> (1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including

> > a. the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
> >
> > b. pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.
> >
> > (2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

*In re Brownsville Property Corp., Inc.*, 2013 WL 4010308, at *27 (quoting Restatement (Second) of Torts § 552B (1965)). Additionally, it is axiomatic that the general principals of tort law come into play in examining a negligent misrepresentation claim, as it is well established that "[a] cause of action in negligence requires allegations that establish the breach of a legally recognized duty or obligation that is causally connected to the damages suffered by the complainant." *Sharpe v. St. Luke's Hosp.*, 821 A.2d 1215, 1218 (Pa. 2003) (citation omitted).

HOH argues that no proximate cause exists because Merrill has failed to allege a proximate cause between its contractual losses and HOH's alleged misrepresentation. The Court disagrees. Here, plaintiff has sufficiently pled that the alleged misrepresentations made by HOH, *i.e.*, the design defects, were the proximate cause of the loss incurred by Merrill. Merrill alleges that the gaps in the column seats and the bending of the connection plates were caused by HOH's defective design, and thus caused Blaine to withhold its payment under the contract between it and Blaine. Merrill has pled adequate facts to allow it to prove its case through evidentiary support. Should Merrill be correct in its assertion that HOH's design was defective and it caused the gaps in the column seats and bending of the connection plates which in turn caused Blaine to withhold its payments, HOH can be found liable for negligent misrepresentation. Accordingly, HOH's motion to dismiss Merrill's claim for negligent misrepresentation against HOH is denied.

4. <u>Unjust Enrichment against ATI</u>

Merrill claims that because it fabricated, coated and supplied the structural steel and other miscellaneous metals that were incorporated into the Project which benefitted ATI, and because Merrill has not been paid, an injustice would result if ATI "retain[s] the benefits of the labor and material Merrill provided without paying the full value thereof[.]" Compl. [ECF No. 1] at ¶¶ 156-157. Here, ATI argues that Merrill's claim for unjust enrichment fails because Merrill has not alleged any amount that ATI was benefitted nor has Merrill adequately alleged that any purported enrichment was unjust. Def. ATI's Br. in Supp. of Mot. to Dismiss [ECF No. 41] at 6.

"Unjust enrichment is a creature of equity that seeks to balance the interests of parties who have exchanged a benefit without agreeing on terms." *Goldsmith Assoc., Inc. v. Del Frisco's Rest. Grp.*, 2009 WL 3172752, at *4 (E.D.Pa. Oct. 1, 2009) (citing *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa.Super. 1999). Under Pennsylvania law, the elements to state a cause of action for unjust enrichment are as follows: "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Joyce v. Erie Ins. Exchange*, 74 A.3d 157, 169 (Pa.Super.Ct. 2013) (quoting *Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa.Super.Ct. 2008)). Whether a claim for unjust enrichment exists depends on the "unique factual circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched." *Ibid*.

Most importantly, the Pennsylvania Supreme Court has held that "a third party is not *unjustly* enriched when it receives a benefit from a contract between two other parties where the party benefitted has not requested the benefit or misled the other parties." *D.A. Hill v. Clevetrust*,

573 A.2d 1005, 1010 (Pa. 1990) (emphasis in original). A plaintiff "cannot merely allege its own loss as a measure of recovery – *i.e.*, the value of labor and materials expended – but instead must demonstrate that [the defendant third party] has in fact been benefitted." *Meehan v. Cheltenham Twp.*, 189 A.2d 593, 595 (Pa. 1963). The Pennsylvania Supreme Court has used an illustration from the Restatement of Restitution, section 110 which explains whether the retention of a particular enrichment by a party is unjust. *See D.A. Hill*, 573 A.2d at 1009; *Meehan*, 189 A.2d at 596. "Section 110 deals with the situation where a third party benefits from a contract entered into between two other parties. It provides that, in the absence of some misleading by the third party, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third party." *Ibid* (quoting Restatement (First) of Restitution § 110 (1937).

This is exactly what Merrill's legal theory of recovery against ATI entails: that the failure of Blaine, the contracting party, to pay Merrill under the contract somehow leads to the unjust enrichment of ATI, a third party subcontractor with no direct contractual relationship with Merrill. Such a cause of action is not recognized under Pennsylvania law absent some claim that ATI misled the parties to perform or fail to perform under the contract. Merrill does not allege that ATI retained any benefit and cannot bring a claim for unjust enrichment against ATI. Even assuming Merrill could show that ATI retained a benefit, *i.e.*, that the contract for services between Merrill and Blaine for the Project, Merrill cannot show that it was unjust to do so. Accordingly, Merrill's claim for unjust enrichment against ATI is dismissed with prejudice.

5. <u>Punitive damages against HOH</u>

The only claim that survives defendants' motions to dismiss is a claim for negligent misrepresentation against HOH. Therefore, the Court will only discuss whether a claim for

16

punitive damages as to the negligent misrepresentation claim should be dismissed.

Under Pennsylvania law, punitive damages are proper only where "the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). Punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Id*. (citations omitted). "The same facts that plausibly allege that" a defendant materially misrepresented a fact for a negligent misrepresentation claim "establish[es] the recklessness require[ment] for a claim of punitive damages." *Howe v. LC Philly, LLC*, 2011 WL 1465446, at *6 (E.D.Pa. April 15, 2011). Therefore, if a defendant is found to be reckless under a negligent misrepresentation theory of liability, that same standard applies in determining whether the defendant acted recklessly for purposes of awarding punitive damages. Taking all facts alleged in the complaint as true and drawing all reasonable inferences in Merrill's favor, it has adequately pled at this stage a claim for punitive damages on its negligent misrepresentation claim. Therefore, HOH's motion to dismiss an award of punitive damages for a negligent misrepresentation claim is denied at this time.

V.     **CONCLUSION**

Based on the foregoing, Defendants' motions to dismiss are granted in part and denied in part. Specifically, Defendant Century Steel Erector's Company motion to dismiss [ECF No. 33] is granted, Defendant HOH Engineers, Inc.'s motion to dismiss [ECF No. 38] is granted in part and denied in part as to Merrill's claim for negligent misrepresentation and an award of punitive damages as to that claim, and Defendant Allegheny Ludlum Steel Corporation's motion to dismiss [ECF No. 40] is granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRILL IRON & STEEL, INC., )<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>BLAINE CONSTRUCTION )<br>CORPORATION, ZURICH AMERICAN )<br>INSURANCE COMPANY and its )<br>Subsidiary FIDELITY & DEPOSIT )<br>COMPANY OF MARYLAND, )<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA, )<br>ALLEGHENY LUDLUM CORPORATION,)<br>on its own behalf and as merged into ALC )<br>MERGER, LLC, n/k/a ALLEGHENY )<br>LUDLUM, LLC a/k/a ATI ALLEGHENY )<br>LUDLUM, HOH ENGINEERS, INC., and )<br>CENTURY STEEL ERECTORS )<br>COMPANY, )<br>    Defendants. )<br>)<br>--and-- )<br>)<br>BLAINE CONSTRUCTION )<br>CORPORATION, )<br>    Counterclaimant and Cross Claimant,)<br>)<br>    vs. )<br>)<br>MERRILL IRON & STEEL, INC., )<br>ALLEGHENY LUDLUM STEEL )<br>CORPORATION, on its own behalf and as )<br>merged into ALC MERGER, LLC, n/k/a )<br>ALLEGHENY LUDLUM, LLC a/k/a )<br>ATI ALLEGHENY LUDLUM, HOH )<br>ENGINEERS, INC., and CENTURY )<br>STEEL ERECTORS COMPANY, )<br>)<br>    Defendants by Counterclaim and )<br>    Crossclaim, )<br>)<br>--and-- )<br>) | Civil Action No.: 14-221<br>Magistrate Judge Robert C. Mitchell |

| LIBERTY MUTUAL INSURANCE | ) |
| COMPANY, and GREAT AMERICAN | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Additional Defendants by | ) |
| Counterclaim and Crossclaim. | ) |

## **O R D E R**

AND NOW, this 2nd day of July, 2014, after consideration of Defendant Century Steel Erectors Company's motion to dismiss [ECF No. 33] and brief in support [ECF No. 34]; Plaintiff Merrill Iron & Steel Inc.'s response [ECF No. 53]; Defendant Century Steel's replies [ECF Nos. 68, 69]; Defendant HOH Engineers, Inc.'s motion to dismiss [ECF No. 38] and brief in support [ECF No. 39]; Plaintiff Merrill's response [ECF No. 66]; Defendant Allegheny Ludlum Steel Corporation's motion to dismiss [ECF No. 40] and brief in support [ECF No. 41]; Plaintiff Merrill's response [ECF No. 71]; and Defendant Allegheny Ludlum Steel Corporation's reply [ECF No. 81], **IT IS HEREBY ORDERED** that:

Defendant Century Steel Erector's Company motion to dismiss [ECF No. 33] is **GRANTED**;

Defendant HOH Engineers, Inc.'s motion to dismiss [ECF No. 38] is **GRANTED IN PART** and **DENIED IN PART** as to Merrill's claim for negligent misrepresentation and an award of punitive damages as to that claim; and

Defendant Allegheny Ludlum Steel Corporation's motion to dismiss [ECF No. 40] is **GRANTED**.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: all counsel of record *via CM/ECF electronic filing*