IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERRILL IRON & STEEL, INC., )<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>BLAINE CONSTRUCTION )<br>CORPORATION, ZURICH AMERICAN )<br>INSURANCE COMPANY and its )<br>subsidiary FIDELITY & DEPOSIT )<br>COMPANY OF MARYLAND, )<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA, )<br>ALLEGHENY LUDLUM CORPORATION,)<br>on its own behalf and as merged into ALC )<br>MERGER, LLC, n/k/a ALLEGHENY )<br>LUDLUM, LLC a/k/a ATI ALLEGHENY )<br>LUDLUM, HOH ENGINEERS, INC., and )<br>CENTURY STEEL ERECTORS )<br>COMPANY, )<br>    Defendants. )<br>)<br>--and-- )<br>)<br>BLAINE CONSTRUCTION )<br>CORPORATION, )<br>    Counterclaimant and Cross Claimant,)<br>)<br>    vs. )<br>)<br>MERRILL IRON & STEEL, INC., )<br>ALLEGHENY LUDLUM STEEL )<br>CORPORATION, on its own behalf and as )<br>merged into ALC MERGER, LLC, n/k/a )<br>ALLEGHENY LUDLUM, LLC a/k/a )<br>ATI ALLEGHENY LUDLUM, HOH )<br>ENGINEERS, INC., and CENTURY )<br>STEEL ERECTORS COMPANY, )<br>)<br>    Defendants by Counterclaim and )<br>    Crossclaim, )<br>)<br>--and-- )<br>) | Civil Action No.: 14-221<br><br>Magistrate Judge Robert C. Mitchell |

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, and GREAT AMERICAN INSURANCE COMPANY, | ) ) ) ) |
| Additional Defendants by Counterclaim and Crossclaim. | ) ) ) |

## MEMORANDUM ORDER

ROBERT C. MITCHELL, United States Magistrate Judge.

On March 23, 2015, Defendant Century Steel Erectors Company, L.P. ("Century Steel") filed a motion to sever certain cross-claims of Century Steel against Defendant Blaine Construction Corporation ("Blaine") so that those claims would be resolved in arbitration per the agreement between Century Steel and Blaine. [ECF No. 121]. Because Century Steel's motion does not ask this Court to sever specific claims to be heard separately by this Court, but rather that certain claims be decided in arbitration pursuant to the contract between the parties, the Court will construe Century Steel's motion as a motion to compel arbitration under the applicable standard.

Because the Court writes primarily for the parties, only the facts relevant to this motion will be discussed. This case generally concerns a dispute regarding the construction of a $1.2 billion hot rolling and processing facility in Brackenridge, Pennsylvania. Blaine is the general contractor for this construction project and subcontracted with Century Steel to design and erect the structural steel necessary for the construction project. The subcontract between Century Steel and Blaine included an arbitration clause which provided:

> All claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, and the claims described in Paragraph 14.2, shall be decided in Arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise. Notwithstanding other provisions in the

2

> Agreement, this agreement to arbitrate shall be governed by the Federal Arbitration Act.

Century Steel Br. in Supp. of Mot. to Sever [ECF No. 122] at 4 (quoting Century Steel/Blaine Subcontract for Building Construction [ECF No. 122-1] at Art. 14.1). The subcontract also provided two exceptions to the arbitration clause:

> The agreement to arbitrate shall not apply to any claim:
>
> (a) of contribution or indemnity asserted by one party to this Agreement against the other party and arising out of an action brought in a state or federal court or in arbitration by a person who is under no obligation to arbitrate the subject matter of such action with either of the parties hereto or does not consent to such arbitration; or
>
> (b) asserted by the Subcontractor against the Contractor, if the Contractor asserts said claim, either in whole or part against the Owner, or asserted by the Owner against the Contractor, when the contract between the Contractor and the Owner does not provide for binding arbitration, or does so provide but the two arbitration proceedings are not consolidated, or the Contractor and Owner have not subsequently agreed to arbitrate said claim. In either case, the parties hereto shall notify each other either before or after demand for arbitration is made.
>
> In any dispute arising over the application of this Paragraph 14.2, the question of arbitrability shall be decided by the appropriate court and not by arbitration.

*Id*. (quoting Century Steel/Blaine Subcontract for Building Construction [ECF No. 122-1] at Art. 14.2).

Century Steel argues that none of the claims it has made against Blaine have been waived by a final payment, and that none of the claims are for contribution or indemnity, therefore any claims that Blaine is not asserting against the Owner, Allegheny Ludlum, LLC, should be bound by the arbitration clause.

Blaine responds that Century has waived its right to seek arbitration because it has participated in litigation in this Court for the past nine months and Blaine would be prejudiced if the

3

arbitration clause was enforced at this point. Alternatively, Blaine responds that the claims asserted against it do not fall within the arbitration provision.

The Federal Arbitration Act ("FAA") establishes a "strong federal policy in favor of the resolution of disputes through arbitration." *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 178 (3d Cir. 2010) (citation omitted). Because there is a strong preference in federal courts to uphold arbitration provisions, waiver of the arbitration agreement "is not to be lightly inferred[.]" *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1068 (3d Cir. 1995). The district court "may refuse to enforce an arbitration agreement where, for example, the alleged defaulting party has acted inconsistently with the right to arbitrate, . . . and we will not hesitate to hold that the right to arbitrate has been waived where a sufficient showing of prejudice has been made by the party seeking to avoid arbitration." *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 (3d Cir. 2010) (internal citations and quotation marks omitted).

The Court of Appeals for the Third Circuit set forth a "nonexclusive" list of factors to consider in determining whether the party seeking to avoid arbitration would be prejudiced by an order compelling arbitration. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 926-27 (3d Cir. 1992). The six *Hoxworth* factors are: (1) the timeliness or lack thereof of a motion to arbitrate; (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; (3) whether the party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; (4) the extent of its non-merits motion practice; (5) its assent to the court's pretrial orders; (6) the extent to which both parties have engaged in discovery. *Id*. As this list is nonexclusive, "not all the factors need to be present to justify a finding of a waiver, and '[t]he waiver determination must be based on the circumstances and context of the particular case.'" *Nino*, 609 F.3d at 208 (quoting *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 981 (2d Cir. 1996)). Our appeals court has consistently emphasized that "prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct."

*Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 222 (3d Cir. 2007). A determination of prejudice "includes not only 'substantive prejudice to the legal position of the party claiming waiver,' but also extends to 'prejudice resulting from the unnecessary delay and expense incurred by the [party] as a result of the [moving party's] belated invocation of their right to arbitrate.'" *Nino*, 609 at 209 (quoting *Ehleiter*, 482 F.3d at 224). The Court will now analyze whether Century Steel's motion to compel arbitration within the framework of the *Hoxworth* factors.

1. *TIMELINESS OF MOTION*

The first *Hoxworth* factor to consider is the timeliness of Century Steel's motion to compel arbitration. The length of time alone is not determinative for a finding of waiver. *Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 232 (3d Cir. 2008) (citation omitted). Blaine filed its cross-claim against Century Steel approximately twelve months ago. Century Steel did not timely move to stay these proceedings and compel arbitration, and offers no explanation for its failure to do so, which weighs in favor of waiver. *See In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109, 118 (3d Cir. 2012) (ten month delay supported waiver); *Nino*, 609 F.3d at 209-10 (fifteen month delay supported waiver); *Hoxworth*, 980 F.2d 925 (eleven month delay supported waiver); *Ehleiter*, 482 F.3d at 223 (four year delay supported waiver).

2. *WHETHER CENTURY STEEL CONTESTED THE MERITS OF THE CLAIMS*

The next *Hoxworth* factor to consider is to the extent to which Century Steel has contested the merits of Blaine's claims. Century Steel filed an answer to Blaine's cross-claim generally denying liability to Blaine and asserting six detailed affirmative defenses, none of which included the defense that certain of the claims were subject to arbitration. Century Steel also asserted four claims of its own against Blaine. While filing an answer to the cross-claim does not automatically support waiver, the fact that Century Steel did not include arbitration as an affirmative defense, and then included cross-claims against Blaine for claims that it argues are subject to arbitration, tends to support waiver.

5

3. **WHETHER CENTURY STEEL INFORMED BLAINE OF ITS INTENT TO SEEK ARBITRATION**

The next *Hoxworth* factor to consider is whether Century Steel "has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings." *Hoxworth*, 980 F.2d at 926-27. Here, Century Steel first informed Blaine of its intent to file a motion to compel arbitration at a March 9, 2015 status conference. Century Steel did not indicate its intent to compel arbitration before this time, and it is also emphasized that arbitration was not raised in its answer as a defense or elsewhere in the pleadings. This factor weighs in favor of waiver.

4. **EXTENT OF NON-MERITS MOTION PRACTICE**

The next *Hoxworth* factor to consider is the extent that the parties have engaged in non-merits motion practice. Here, the non-merits motions concerned mostly administrative matters and scheduling matters such as motions for admission *pro hac vice*, motion to withdraw attorney, and a motion to consolidate cases. These motions do not necessarily weigh in favor of waiver, and the parties' non-merits motion's practice is indeterminate of waiver.

5. **CENTURY STEEL'S ASSENT TO THE COURT'S PRETRIAL ORDERS**

The next *Hoxworth* factor is "the party's acquiescence in a court's pretrial orders." *In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d at 119. Here, the Court has held three case management conferences settings deadlines for fact and expert discovery and ordering the case to mediation twice. Additionally, Century Steel engaged in a Federal Rule of Civil Procedure 26 conference, and prepared and submitted to the Court a Rule 26 Report, served initial disclosures and provided in excess of 1,000 pages of damages information, including information regarding the claims it now contends are subject to arbitration. At no time did Century Steel insinuate that it sought arbitration for its claims against Blaine, or did it object to any of the Court's orders. Century Steel's assent to the Court's pretrial orders certainly weighs in favor of waiver.

6. **THE EXTENT TO WHICH BOTH PARTIES HAVE EXCHANGED DISCOVERY**

The parties have engaged in significant discovery in this case, by exchanging thousands of documents during the last year and to prepare for the two mediations the parties engaged in and have engaged in expert discovery. These reasons weigh in favor of waiver.

7. OTHER FACTORS

Lastly, because the *Hoxworth* factors are not exhaustive, the fact that the parties have engaged in five days of court-ordered comprehensive mediation sessions with all of the parties in October 2014 and February 2015 strongly weighs in favor of waiver, as the parties invested considerable time and money in litigating the case that it would prejudice Blaine who would be required to duplicate its efforts in litigating this action in the arbitral arena.

Because the Court finds that Century Steel has waived arbitration, the Court need not discuss whether the claims fall within the arbitration provision's province. Accordingly, the following Order is entered:

AND NOW, this 24th day of April, 2015, Century Steel's motion to sever [ECF No. 121], styled as a motion to compel arbitration is DENIED.

By the Court,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: all counsel of record *via CM/ECF electronic filing*